HENRY J. JUNGEMAN, Respondent, v. THE JOSEPH SCHNAIDER BREWING COMPANY, Appellant.

| 38 | 465 |
| 38 | 464 |

St. Louis Court of Appeals, December 24, 1889.

Practice, Appellate: REVIEW OF FINDINGS OF FACT. In an action at law this court will not review a finding of fact of the trial court, supported by substantial evidence and made under appropriate instructions.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*H. A. Haeussler*, for the appellant.

*E. A. B. Garesché*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.
This is an action of replevin for the recovery of one day book, one ledger and one index, property of the plaintiff. The answer denies the unlawful taking, and asserts that the books were property of the defendant. Upon trial of the issues by the court without a

Jungeman v. The Joseph Schnaider Brewing Co.

jury, the plaintiff recovered judgment for possession and nominal damages.

This is one of the cases referred to in our opinion in cause number 4451.* The plaintiff gave evidence tending to show that he was the owner of the books, that he had bought them with his own money and was entitled to their possession; that they were taken from his possession by the defendant, and that the defendant refused to re-deliver them to him, upon demand made prior to the institution of the suit. The defendant, on the other hand, gave evidence tending to show, that the plaintiff was its agent; that the books were books of entry, containing accounts of beer sold by plaintiff on defendant's account, and that they were taken by the defendant into its own possession solely for the purpose of enabling it to collect its own accounts.

The court gave appropriate declarations of law, applicable to the plaintiff's and to the defendant's evidence, and no complaint is made of the instructions by the defendant appealing, except that, under the facts shown by the evidence, and the law declared by the court, the defendant was entitled to judgment. Whether the plaintiff or defendant was entitled to the possession of the books depended upon the fact whether the relation between them was that of vendor and vendee or that of principal and agent, and the determination of this question depended upon the ulterior fact of what were the terms of an oral contract entered into by plaintiff and defendant. As such ulterior fact was determined upon the evidence, by the court sitting as a jury, against the meaning of the contract contended for by the defendant, and in favor of the one contended for by the plaintiff, and as such finding was based on substantial evidence, it is necessarily conclusive upon us, for reasons stated in case number 4451.

It results that the judgment must be affirmed. All the judges concurring, it is so ordered.

---

* Cause No. 4451 will be found on page 458 of this volume.